**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Janice Vasquez,<br><br>    Plaintiff,<br><br>    v.<br><br>Arvato Digital Services, LLC,<br><br>    Defendant. | CV 11-02836 RSWL (AJWx)<br><br>**ORDER Re: Plaintiff Janice Vasquez's Motion for Order Remanding Case to State Court [15]** |

On June 14, 2011, Plaintiff Janice Vasquez's Motion for Order Remanding Case to State Court came on for regular calendar before this Court [15]. The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court hereby **DENIES** Plaintiff's Motion for Order Remanding Case to State Court.

**I. <u>Background</u>**

Plaintiff Janice Vasquez (hereinafter, "Plaintiff")filed a Complaint on February 22, 2011 in Los Angeles Superior Court against Defendant Arvato

Digital Services, LLC, a Delaware Corporation, (hereinafter, "Defendant"). Plaintiff alleged in her Complaint claims against Defendant for disability discrimination, retaliation, wrongful termination, and intentional infliction of emotional distress.

Defendant states that it was served with the Summons and Complaint on March 3, 2011. [Def.'s Notice of Removal, ¶ 1.] On April 4, 2011, Defendant filed a Notice of Removal[1] of this Civil Action on the basis of diversity jurisdiction [1].

**II. Legal Standards**

1. Judicial Notice

Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of adjudicative facts only. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court must take judicial notice if a party requests it and supplies the court with the requisite information. Fed. R. Evid. 201(d).

2. Remand

---

[1] The thirtieth day from the date of service of the Complaint was April 3, 2011. However, this was a Sunday, and thus the date for removability was extended to April 4, 2011. See 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).

2

In deciding whether to remand a case, this Court must determine whether the case was properly removed to this Court. The right to remove a case to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants...." 28 U.S.C. § 1441(a). District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

The Court may remand a case to state court for lack of subject matter jurisdiction or defects in removal procedure. 28 U.S.C. § 1447(c). The defendant has the burden of proving that removal is proper and that all of the prerequisites are satisfied. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case that has been removed to federal court, the case must be remanded. 28 U.S.C. § 1447(c).

The Ninth Circuit strictly construes the removal statute against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Moreover, the burden of overcoming the "strong

presumption" against removal is always on the defendant. Id.

For diversity cases, there is also a sharp distinction between original jurisdiction and removal jurisdiction. Id. Cases originally brought in federal court require that the defendant prove to a legal certainty that the plaintiff's claim is actually less than the jurisdictional amount to justify dismissal. Id. Distinguishably, for cases that begin in state court and are removed to federal court, there is a strong presumption that the plaintiff's claim is not large enough to confer jurisdiction on the federal court. Id.

If the plaintiff's claim explicitly asks for less than the jurisdictional amount, the defendant must prove to a legal certainty that the plaintiff's claim actually exceeds the jurisdictional amount. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994 (9th Cir. 2007). When the claim does not specify a particular amount of damages, the defendant must prove, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional amount. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

**III. Analysis**

1. Judicial Notice

Defendant requests the Court take judicial notice of submitted California Court jury verdicts awarding damages for claims similar to those sought by

4

Plaintiff, including claims for retaliation, discrimination, wrongful termination, attorneys' fees, lost wages and intentional infliction of emotional distress. [Request for Judicial Notice, Exhibits A-H.] Defendant requests judicial notice of the submitted jury verdicts to support its determination that the current amount in controversy more likely than not exceeds $75,000.

The court stated in <u>Phillips v. Bank of America Corp.</u>, No. 10-04561, 2011 WL 132861, at *3 (N.D. Cal. January 14, 2011), that it may take judicial notice of matters of public record, including prior federal and state court proceedings. Here, the accuracy of the jury verdicts as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned. Therefore, the Court hereby **GRANTS** the Defendant's request and takes judicial notice of Exhibits A-H attached to Defendant's Request for Judicial Notice [18].

2. <u>Motion to Remand</u>

Plaintiff argues that this Case should be remanded to state court because Defendant has failed to satisfy the requirements of diversity jurisdiction. Specifically, Plaintiff argues Defendant failed to meet its burden in establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. The parties do not dispute the existence of diversity of citizenship, nor the timeliness of the

Notice of Removal. Therefore, the only issue before the Court is whether Defendant met its burden of proving that the amount in controversy exceeds $75,000.

Plaintiff argues that the Defendant has failed to meet its burden of proving that the amount in controversy exceeds $75,000 by failing to provide facts establishing that Plaintiff's wage loss, attorneys' fees, and punitive and emotional distress damages exceed the jurisdictional minimum.

In cases such as this, where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant has the burden of establishing, by a preponderance of the evidence, the amount in controversy exceeds the jurisdictional amount. Sanchez, 102 F.3d at 404. This burden requires a showing that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. Id. at 398.

Defendants can meet this burden by offering facts supporting the amount in controversy exceeds the jurisdictional minimum, Gaus, 980 F.2d at 564, or producing evidence of jury verdicts for damages awarded in cases with analogous facts, Simmons v. PCR Technology, 209 F.Supp. 2d 1029, 1033-1034 (N.D. Cal. 2002).

Defendant argues it met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant contends that

this Court should find, as the court found in <u>Simmons</u>, that Defendant's reliance on wage loss calculation, reasonably anticipated attorneys' fees, and jury verdicts awarding substantial punitive and emotional distress damages in cases with analogous facts, is sufficient to meet its burden of proof establishing that the amount in controversy more likely than not exceeds $75,000. <u>See</u> <u>Simmons</u>, 209 F.Supp. 2d at 1031-35.

First, Defendant offers a calculation of $25,171 representing Plaintiff's lost wages at the time of removal. Second, Defendant addresses Plaintiff's claim for attorneys' fees and argues that reasonably anticipated attorneys' fees can be included in determining the amount in controversy. Third, Defendant offers jury verdicts awarding substantial punitive damages in disability discrimination cases. Finally, Defendant provides jury verdicts awarding considerable emotional distress damages in disability discrimination cases. Defendant argues that, when combined, the evidence supports its determination that the amount in controversy more likely than not exceeds $75,000.

The Court finds that the Defendant met its burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff's failure to specify an amount in controversy left Defendant with the burden of proving the facts to

support the jurisdictional minimum. Gaus, 980 F.2d at 566-67. To prove Plaintiff's lost wages, Defendant calculated the time Plaintiff lost at work (8-1/2 months) and multiplied it against Plaintiff's monthly salary ($2,961). The court in Simmons found this calculation method to be proper in determining the lost wages claim of a plaintiff's potential damage award for purposes of determining the amount in controversy. Id. at 1032. The Court finds the determination in Simmons particularly instructive. As such, the Court finds that Defendant's calculation accurately reflects Plaintiff's lost wages to be $25,171 at the time of removal and is sufficient evidence in determining whether the amount in controversy in this case will exceed $75,000.

Furthermore, in addressing Plaintiff's request for attorneys' fees, Defendant correctly considered those fees that could be reasonably anticipated at the time of removal, not merely those that had already incurred. As the court in Simmons stated, including unspecified future attorneys' fees in determining the amount in controversy is proper because such fees necessarily accrue until the action is resolved. Id. at 1035. Therefore, the Court finds that Defendant correctly considered Plaintiff's future attorneys' fees in determining the amount in controversy.

Plaintiff's request for punitive damages stems from a claim that Defendant violated California's Fair

Employment and Housing Act (hereinafter, "FEHA"), Cal. Govt. Code § 12900 et seq. Punitive damages are available under FEHA, Cal. Gov't Code § 12940, and therefore the Court may consider punitive damages when determining the amount in controversy. Simmons, 209 F.Supp 2d at 1033. To prove that punitive damage awards can be substantial in disability discrimination cases, a defendant may introduce jury verdicts awarding substantial punitive damage awards in cases with analogous facts. See id. at 1033.

Here, Defendant offered jury verdicts demonstrating that punitive damage awards can be substantial in disability discrimination cases. Defendant cites Amigon v. Cobe Color Cosmetics, BC 378685, 2009 WL 7497138, at *1 (Cal. Super. Ct. April 15, 2009), where the jury found that the defendant's motivating reason for plaintiff's termination was that she took medical leave. As such, the jury awarded the plaintiff, among other damages, $52,000 in punitive damages. The Court finds that such evidence is sufficient to prove that the punitive damages sought by Plaintiff could result in a substantial award and therefore, when combined with the other relief sought, makes it more likely than not that the amount in controversy will exceed $75,000.

Similarly, Plaintiff's claim for emotional distress damages may be considered when calculating the amount in controversy. Richmond v. Allstate Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995). In making its

determination that the amount in controversy more likely than not exceeds $75,000, Defendant cites to a series of cases to demonstrate that emotional distress damages in disability discrimination cases satisfy the jurisdictional minimum. For example, in <u>Espinoza v. County of Orange</u>, No. 30200800110643, 2009 WL 6323832, at *1 (Cal. Super. Ct. Oct. 8, 2009) an Orange County jury awarded the plaintiff $500,000 in emotional distress damages against his employer. Such evidence indicates that emotional distress damages in a successful disability discrimination case may be substantial.

When viewed in combination, the evidence Defendant presented regarding Plaintiff's claim for attorneys' fees, punitive and emotional distress damages, and the lost wages calculation, satisfy its burden of proving, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds $75,000. Therefore, the Court finds that the Defendant has sufficiently established that this case is properly before this Court.

///
///
///
///
///
///
///

**III. Conclusion**

For the reasons heretofore stated, the Court **DENIES** Plaintiff's Motion for Order Remanding Case to State Court.

DATED: June 27, 2011
**IT IS SO ORDERED.**

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge